UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DEBBY A. BOHNE**  :
148 Merion Lane  :
Reading, PA 19607  :
        Plaintiff  :
  :  No.: 13-2871
     v.  :
  :
**GC SERVICES, LP**  :  Jury Trial Demanded
6330 Gulfton Street  :
Houston, TX 77081  :
  :
        Defendant  :

## AMENDED COMPLAINT

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

### JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Section 1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367. Venue is proper in accordance with 28 U.S.C. Section 1391(b).

4. Defendant obtains the benefit(s) of regularly transacting business in the county of Reading, Commonwealth of Pennsylvania.

5. Defendant regularly transacts business in the Commonwealth of Pennsylvania.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

7. Plaintiff is Debby A. Bohne, an adult individual with a current address of 148 Merion Lane, Reading, PA 19067.

8. Defendant(s) is GC Services, LP., a business engaged in consumer debt collection with a principle place of business located at 6330 Gulfton Street, Houston, TX 77081.

## FACTUAL BACKGROUND

9. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

10. On or about April 2013, within 365 days from the date of the filing of this Complaint, Defendant called vis-à-vis autodialer, Plaintiff's cellular phone number 484-951-8617.

11. At all times material hereto Plaintiff did not disclose her cell phone number to the original creditor or to Defendant, nor did Plaintiff give permission to the original creditor or Defendant to call her cell phones.

12. Additionally, on or about April 2013. within 365 days from the date of the filing of this Complaint, Defendant called vis-à-vis autodialer, Plaintiff's cellular phone number 484-951-8617 and left the following message:

*"Yes, this call is for Deborah Bohne, this is Lay Dawkins, I need you to give me a call back my number is 1-877-359-5523, extension 113557."*

13. Additionally, on or about April 15, 2013, Defendant contacted Plaintiff's former employer, Dr. Rohrbach, and spoke with an employee Kathy, and Defendant disclosed to said third party the name of the debt collector, without said information being expressly requested and inquired about information of Plaintiff beyond "location information."

14. Additionally, on or about April 2013, Defendant's employee, Lay Dawkins, contacted Plaintiff's daughter's college roommate, Sandra G. Plummer, and Defendant disclosed to said third party that the call is from GC Services, without said information being expressly requested and left phone number 1-877-359-5523, extension 1135573 with said third party and left a message with said third party to have Plaintiff call him back.

15. Defendant used an autodialer system and/or left automated voice messages on Plaintiff's cell phone and Defendant's phone calls to Plaintiff were not an emergency. Defendant engaged in skip-tracing.

16. Defendant failed to provide meaningful disclosure of identity.

17. Defendant contacted Plaintiff's cell phone excessively, which was harassing to Plaintiff causing Plaintiff stress, anxiety and emotional upset.

18. Defendant requested of third party/ies information other than location information and/or disclosed to third parties that this matter was debt related.

19. Defendant failed to state that "this is an attempt to collect a debt and information obtained will be used for that purpose" and/or "that this is an attempt to collect a debt."

**COUNT I**
**VIOLATION OF THE FDCPA**
**15 USC 1692 et. seq.**

20. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

21. Plaintiff is a consumer debtor as defined by the Fair Debt Collection Practices Act (FDCPA), 15 USC 1692a(3).

22. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692a(6).

23. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer "debt" against Plaintiff through "communications" as defined by FDCPA 15 U.S.C. Section 1692a(2) and 1692a(5).

24. Defendant violated the FDCPA, 15 U.S.C Sections, 1692b(1), 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692d(6), 1692e(10), 1692e(11) and 1692f in the following manner:

    (a) Requesting information other than "Location Information" of Plaintiff;

    (b) Communicating with the Plaintiff at a time or place known or which should be known to be inconvenient to the consumer Plaintiff;

    (c) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    (d) Communicating with Third Parties;

(e) Failing to provide meaningful disclosure of caller's identity;

(f) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number;

(g) Failing to state that "this is an attempt to collect a debt;" failing to state the "mini-miranda."

(h) Using false representation or deceptive manes to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(i) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

25. Defendant engaged in per se violations of the FDCPA, 15 U.S.C. Sections 1692b(1), 1692c(a)(1), 1692c(b), 1692d, 1692e(5), 1692d(6), 1692e(10), 1692e(11) and 1692f. See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); Inman v. NCO Financial Systems, Inc., United Stated District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. Niagra Credit Solutions, Inc., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006; and Mark v. J.C. Christensen & Associates, inc., 2009 WL 2407700 (D. Minn.Aug.4, 2009).

26. The FDCPA is a strict liability statue and "because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996).

27. Defendant's actions and/or omissions as described above were malicious, intentional, willful, wanton, reckless and negligent against Plaintiff.

28. Plaintiff was distressed and suffered from embarrassment, stress and anxiety.

29. Defendant is liable for the acts committed by its agents under the doctrine of respondent superior because Defendant's agents were acting within the scope of their employment with Defendant.

30. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

31. Any mistake made by Defendant would have included a mistake of Law.

32. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

### COUNT II
### VIOLATION OF THE TELEPHONE
### CONSUMER PROTECTION ACT (TCPA) 47 USC SEC. 227 ET. SEQ.

33. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

34. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227 (b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

35. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed

that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted.

36. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. Section 153 (10).

37. Plaintiff's account went into collections, and the account was referred to Defendant for the purpose of collection.

38. In Plaintiff's loan application and related documents, Plaintiff did not list her cellular telephone number, nor did she give express permission to the original creditor or Defendant to call her cell phone.

39. Defendant repeatedly contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received repeated calls from Defendant on Plaintiff's cellular phone.

40. It is believed and averred that Defendant used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls and/or engaged in skip-tracing.

41. Many of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. section 227 (a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

42. The telephone number that Defendant used to contact Plaintiff at by using an "automatic telephone dialing system," was assigned to Plaintiff's cellular telephone service as specified in 47 U.S.C. Section 227(b)(1)(A)(iii).

43. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. Section 227 (b)(1)(A)(i).

44. "During the transaction that resulted in the debt owed," Plaintiff did not provide a wireless number to Defendant, nor otherwise provide express consent to receive prerecorded calls by Defendant on Plaintiff's cellular phone.

45. Plaintiff did not provide "express consent" allowing defendant, or the original creditor to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. Section 227(b)(1)(A).

46. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

## COUNT III
## INVASION OF PRIVACY

47. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

48. Defendant's continuous and repeated telephone calls to third parties constitutes an invasion of privacy.

49. As a result of Defendant's conduct, as pleaded above, Plaintiff sustained and continues to sustain damages and emotional distress.

## COUNT IV

## VIOLATION of PENNSYLVANIA'S FAIR TRADE EXTENSION UNIFORMITY ACT, 73 PS 2270.1 et. seq. and PENNSYLVANIA'S UNFAIR-TRADE AND CONSUMER PROTECTION LAW, 73 PS. 201 et. seq.

50. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

51. Plaintiff is a consumer debtor as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

52. Defendant is a debt collector as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

53. Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. prohibit any unlawful attempt to collect a consumer debt.

54. The aforementioned misconduct by Defendant is also a violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. because it was an unlawful attempt to collect a consumer debt. A violation of the FDCAP would also be a per se violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

## DAMAGES

55. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

56.     Defendant is liable to Plaintiff for money damages pursuant to 15 U.S.C. Sections 1692k(a)(1), 1692k(a)(2)(A) and attorney's fees pursuant to 15 U.S.C. Section 1692k(a)(3).

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a)     Actual damages, including but not limited to phone, fax, stationary, postage, etc. pursuant to 15 U.S.C. Section 1692k(a)(1);

(b)     Statutory Damages pursuant to 15 U.S.C. Section 1692k(a)(2)(A) - $1,000.00;

(c)     Statutory damages pursuant to TCPA at a rate of $500-$1,500 per call;

(d)     $5,000.00 for Emotional Distress, Humiliation, Embarrassment and Anxiety; and

(e)     Attorney's Fees and costs pursuant to 15 U.S.C. Section 1692 k(a)(3).

Attorney's fees are calculated at a rate of $350.00 per hour.

Plaintiff's attorney fees continue to accrue as the case move forward.

(f)     All other relief that the Court deems just and proper.

Respectfully Submitted,
**BLITSHTEIN & WEISS, P.C.**

By: _____
Tova Weiss, Esquire
Iriana Blitshtein, Esquire
648 2nd Street Pike
Southampton, PA 18966
(215)364-4900
Fax (215)364-8050
Attorneys for Plaintiff

Date: 5/28/13

## CERTIFICATE OF SERVICE

I, Tova Weiss, Esquire, hereby certify that on this 28th day of May 2013, I served a true and correct copy of the foregoing pleading, Plaintiff's Amended Complaint, by first class mail; postage prepaid, on the following:

Richard J. Perr, Esquire
Fineman Krekstein & Harris
1735 Market Street, Suite 600
Philadelphia, PA 19103
Phone:      215-893-9300
Fax:        215-893-8719
Email:      rperr@finemanlawfirm.com
Attorneys for Defendant GC Services, LP


_____
TOVA WEISS, ESQUIRE